UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 6:15-cr-220-Orl-31TBS

GREGORY MCDONALD,

    Defendant.
_____/

## **ORDER**

This case is before the Court on the following:

1.    Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 175) filed pursuant to 28 U.S.C. § 2255. The Court notes that Petitioner's § 2255 motion has been stayed. *See* Case No. 6:18-cv-850-Orl-31TBS. Accordingly, the Clerk of Court is directed to terminate the pending § 2255 in this case. The Court will direct the motion to be reinstated when the civil case is reopened.

2.    Defendant's letter, construed by the Clerk of Court as a Motion for Modification of Restitution Payments (Doc. 176). Defendant asks the Court to allow him to pay restitution after he leaves prison. *Id.*

The Eleventh Circuit has held that a "petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding absent extraordinary circumstances." *Austin v. United States*, 368 F. App'x 53, 54 (11th Cir. 2010).

The record reflects that Defendant failed to challenge the restitution order at sentencing and on direct appeal. Further, Defendant has made no showing of exceptional circumstances. Therefore, Defendant may not challenge his restitution for the first time in the instant motion.

Additionally, to the extent Defendant's motion can be construed as a request to modify the timetable of restitution pursuant to 18 U.S.C. § 3664(k), Defendant is not entitled to relief. Section 3664(k) allows a defendant to notify the court and the Attorney General of any material change in his economic circumstances that might affect his ability to pay restitution. A district court may, "on its own motion, or the motion of any party, . . . adjust the payment schedule. . . ." *Id.* However, Defendant has not offered any argument regarding a material change in his economic circumstances. Accordingly, Defendant's petition is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 15, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/15
Gregory McDonald
Counsel of Record